IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. HAYDUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03: 05-294 |
| ) | |
| CITY OF JOHNSTOWN, and ) | JUDGE KIM R. GIBSON |
| JEFFREY F. SILKA, individually and in ) | |
| his capacity as City Manager ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on several motions, including Plaintiff's Motion for Leave to Amend the Amended Complaint (Document No. 26) and Defendants' response thereto (Document No. 32); Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Compel (Document No. 21) and Defendants' response thereto (Document No. 29); and Plaintiff's two Motions for Reconsideration of the Court's Order Granting a Stay and an Extension of Time for the Filing of an Expert Report as to Damages (Document Nos. 20 & 22) and Defendants' responses thereto (Document Nos. 27 & 29).[1]

### BACKGROUND

The Court writes only for the parties and, except to the extent it is necessary to explain the

---

[1] In additions to the motions addressed in this Memorandum Opinion, the accompanying Order also resolves Defendants' Motion to Compel Discovery (Document No. 28) and Defendants' Motion for Enlargement of Time to File an Expert Report (Document No. 24).

1

posture of the motions *sub judice*, omits the factual and procedural history of this case. On June 16, 2006, Plaintiff David Hayduk ("Hayduk" or "Plaintiff") moved to compel certain disclosures from the City of Johnstown ("Johnstown") and Jeffrey F. Silka ("Silka") (collectively, "Defendants"). Document No. 13. The Court denied the motion, finding that the requested disclosures were irrelevant to Plaintiff's claims under The Family and Medical Leave Act ("FMLA") and 42 U.S.C. § 1983. Document No. 18. Plaintiff subsequently moved the Court to reconsider that order. Document 21.

Plaintiff's expert report was due to be filed on July 31, 2006. Case Management Order (Document No. 12), p. 2. On July 14, 2006, Plaintiff filed the report of his experts, Dr. Gordon A. Gress and Dr. Greg Hertzler, but moved for an extension of time to file his expert report as to damages (Document Nos. 15 & 16). The only ground for this request was the unavailability of the disclosures Plaintiff had previously sought to compel. Because the motion to compel was denied and the requested information would not be forthcoming, the Court also denied the motion for enlargement. Document No. 18. The Court did, however, extend the deadline for Plaintiff's expert report to August 15, 2006. Document No. 19. Plaintiff moved the Court to reconsider its denial on August 14, 2006 (Document No. 20) and, eleven days later, filed a second motion for reconsideration of that Order (Document No. 22). The second motion included an expert report as to damages from Dr. James L. Kenkel ("Kenkel") and set forth reasons why that report was submitted after the August 15 deadline.

Lastly, on August 31, 2006, Plaintiff sought leave of Court to amend his amended complaint. Document No. 26.

The Court's initial scheduling order also required Defendants to file their expert report no later than August 31, 2006. Document No. 12, p. 2. Defendants moved for an enlargement of this deadline on August 29, 2006. Document No. 24. On September 7, 2006, Defendants also moved to compel

certain disclosures from Plaintiff. Document No. 28.

The parties have opposed each of the motions under consideration.

## DISCUSSION

### A. Plaintiff's Motion for Leave to Amend the Amended Complaint

Hayduk requests the Court's leave to amend the Amended Complaint by inserting a paragraph that details the circumstances under which he informed Defendants of the medical conditions that ground his FMLA and § 1983 claims. Document No. 26. The motion was timely filed inside of the Court's September 1, 2006, deadline for moving to amend the pleadings. The proposed amendment describes the meetings at which Hayduk allegedly put Defendants on notice of the serious medical conditions responsible for his absenteeism and asserts that Defendants failed to offer Plaintiff "the opportunity to take an unpaid leave of absence or otherwise describe[] to Mr. Hayduk his rights and protections. . . ." Document No. 26, p. 2.

Defendants counter that Hayduk's amended complaint already meets the notice pleading requirements of this Court and of FED. R. CIV. P. 8, that the exhibits attached to Plaintiff's motion are already in the record by virtue of that motion, and that any second amendment would "serve no other purpose than to cause unnecessary burden, expense and counsel fees in preparing such an Amended Complaint and an Answer thereto." Document No. 32, p. 2.

Plaintiff timely requested leave of court to amend his pleadings and Defendants have not shown a persuasive reason why the Court should ignore the dictate of FED. R. CIV. P. 15(a) that "leave shall be freely given when justice so requires." In the Third Circuit, "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Defendants have foregone

3

any argument that an amendment would be conducted in bad faith or for dilatory or futile purposes.

A conclusive investigation into the merits of Plaintiff's amended complaint and the sufficiency of its pleading would be inappropriate at this time. The Court merely notes that the proposed amendments may directly relate to the elements of the claims already stated in the Amended Complaint. *See* 29 U.S.C. § 2612(e) (requiring that an employee give an employer notice of a foreseeable need for leave). Further, Plaintiff is not adding claims or changing the nature of his pleaded claims, but merely stating additional facts that can be concisely denied or admitted in any responsive pleading. Therefore, the fees generated by the time needed to respond to the proposed amendment are likely to be minimal and the amendment itself will not cause significant delay. For these reasons, the Court grants Plaintiff's motion to amend the amended complaint.

## B. Plaintiff's Motions for Reconsideration

According to the Third Circuit, the purpose of a motion for reconsideration of a judgment is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). The movant must therefore establish one of three possible grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* For interlocutory orders, greater discretion is invested in the trial court with jurisdiction over the matter; district courts possess "inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). As a consequence of Plaintiff's failure to either present evidence or cite persuasive legal authority, resolution of this motion rests with the discretion of this Court and Plaintiff's ability to establish some manifest injustice that denial of the motion will effect.

Plaintiff largely recites the arguments first advanced in his original motions. The Court has nonetheless reviewed the record for bases on which its orders could be reversed; none were found. The disclosures that Plaintiff moved the Court to compel from Defendants are irrelevant to Plaintiff's claims. Because Hayduk's lawsuit does not allege any pretextual or retaliatory dimension to his termination from Johnstown's employ, the privileged personnel records of similarly situated employees are not relevant to this litigation. Irrespective of Plaintiff's need for evidence concerning Defendants' intent, none will be forthcoming from confidential records that do not concern Hayduk's tenure with Johnstown. The Court concluded as much in its Order of August 8, 2006, and it has found no reason in the motion before it to find otherwise. Denial of the Motion to Compel operated no injustice on Plaintiff's case and nothing demonstrates that the disclosures Plaintiff seeks are now more relevant. Accordingly, Plaintiff's Motion for Reconsideration of the Court's Order Denying the Motion to Compel is denied.

Affirming its own denial of the motion to compel discovery from Defendants, the Court also sees no reason to reconsider its Order Granting a Stay and an Extension of Time for Filing an Expert Report as to Damages. The Court notes, however, that the second motion for reconsideration of this Order provided adequate reasons for Plaintiff's delay in filing the expert report for damages. The Court thus denies Plaintiff's Motion and Second Motion for Reconsideration, but will allow Plaintiff time to properly file the Kenkel Report.

An appropriate order follows.

**AND NOW**, this 4th day of October, 2006, after considering the motions pending before this Court, **IT IS HEREBY ORDERED** that:

1) An oral argument is scheduled by conference call on Defendants' Motion to Compel (Document No. 28). The call will take place on **Wednesday, November 1, 2006, at 2:00 p.m**. All participating counsel shall be on the line together and shall initiate the conference call to the Court. Counsel of record should mark their calendars accordingly; AND

2) Plaintiff's Motion for Leave to Amend the Amended Complaint (Document No. 26) is **GRANTED**. Plaintiff must file an amended complaint within seven (7) days of the date of this Order. Defendants will have twenty (20) days from the date of service to file their amended response; AND

3) Defendants' Motion for Enlargement of Time to File an Expert Report (Document No. 24) is **GRANTED**. Defendants' deadline for filing their Expert Report will be rescheduled pending the resolution of the November 1 argument on Defendants' Motion to Compel; AND

4) Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Compel (Document No. 21) is **DENIED**; AND

5) Plaintiff's Motion for Reconsideration of the Court's Order Granting a Stay and an Extension of Time for the Filing of an Expert Report as to Damages (Document No. 20) is **DENIED**; AND

6) Plaintiff's Second Motion for Reconsideration of the Court's Order Granting a Stay and an Extension of Time for the Filing of an Expert Report as to Damages (Document No. 22)

is **DENIED**; AND

7) Plaintiff must file his expert report as to damages within seven (7) days of the date of this order; AND

8) The deadlines set forth in the Court's Case Management Order (Document No. 12) are to be rescheduled following the outcome of the November 1, 2006, oral argument on Defendants' Motion to Compel.

**BY THE COURT:**

*[signature]*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

Cc: All counsel of record.